UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KHALIL SHABAZZ,

        Plaintiff,                  CIVIL ACTION NO. 00-CV-73005-DT

vs.

                                     DISTRICT JUDGE DENISE PAGE HOOD

BILL MARTIN, et al.,             MAGISTRATE JUDGE MONA K. MAJZOUB

        Defendants.
_____/

## REPORT AND RECOMMENDATION

**RECOMMENDATION**: Plaintiff's Motion to Amend Complaint (Docket # 206) should be **DENIED**.

\*\*\*

The instant prisoner civil rights case was filed on July 21, 2000 pursuant to 42 U.S.C. § 1983. The case has been referred to the undersigned for all pretrial proceedings. Discovery is now closed and the dispositive motion cutoff date has passed. On March 23, 2005, Defendants filed a Motion to Dismiss and For Summary Judgment. On March 24, 2005, Plaintiff filed a Motion for Leave to Amend Complaint which is now before the Court. In his motion for leave to amend, Plaintiff seeks to add additional defendants and a new claim of retaliation based on his March 15, 2005 transfer to the Alger Maximum Correctional Facility. Defendants filed a Brief Opposing Plaintiff's Motion to File a Second Amended Complaint.

After a party has filed a complaint and later wishes to amend his original complaint, he must do so in accordance with Fed. R. Civ. P. 15(a) which reads,

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend the party's pleading only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice

so requires.

Apposite to the issue of adding and dropping parties to a complaint is Fed. R. Civ. P. 21 which states,

> Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

Granting leave to amend a complaint is discretionary and may depend on several factors including, but not limited to, a finding of bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment. *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973)(citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, the Court recommends that Plaintiff's Motion for Leave to Amend Complaint be denied for several reasons. First, Plaintiff's amendment appears futile since there is no indication that he has exhausted his administrative remedies as to his proposed retaliation claim which is based on a recent transfer to the Alger Maximum Correctional Facility. Inasmuch as this transfer occurred on March 15, 2005, it is unlikely that Plaintiff exhausted all three steps of the MDOC administrative grievance process before filing the instant motion on March 24, 2005. Therefore, Plaintiff's retaliation claim would be barred by the Prison Litigation Reform Act which requires prisoners to pursue all available administrative remedies before proceeding on a § 1983 claim. Assuming Plaintiff properly exhausts his available remedies, Plaintiff is not foreclosed from filing another lawsuit alleging retaliation for his recent transfer.

Plaintiff also wishes to add certain defendants who were previously dismissed from this suit. Plaintiff fails to explain or account for such a request at this late stage of the litigation. This case has been pending for nearly five years and discovery is now closed. As Defendants correctly point out:

> A summons will need to be issued on the proposed Second Amended Complaint, service of process will need to be effectuated, the new Defendants will then have at least 20 days to answer or respond pursuant to FRCP 12(a)(1)(A), they have a right to file FRCP 12 motions to dismiss and raise any number of affirmative defenses, including qualified immunity (a denial of which is immediately appealable), they have a right

to re-depose Plaintiff on the new claims and to conduct discovery, including sending Plaintiff interrogatories, requests to produce and requests to admit, and they have a right to file FRCP 56 motions for summary judgment on the merits, all of which will significantly prolong this litigation and prejudice the current defendants;

(Defendants' Brief Opposing Plaintiff's Motion for Leave to Amend Complaint, pg. 2, ¶ 6). The Court agrees that at this late stage of the litigation, Plaintiff should not be allowed to add new claims and new defendants (or previously dismissed defendants) where such amendments will result in substantial delays to a case that has already been pending for almost five years. Short of the parties' stipulation to dismiss, the Court must exercise diligence in bringing this case to resolution.

Accordingly, Plaintiff's Motion to Amend Complaint should be **DENIED**.

### **NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2,"

etc.

Dated: April 22, 2005                               s/ Mona K. Majzoub
                                                    MONA K. MAJZOUB
                                                    UNITED STATES MAGISTRATE JUDGE

**Proof of Service**

    I hereby certify that a copy of this report and recommendation was served upon Marybeth Collon, Seth M. Lloyd, Jennifer L. Neumann, Mary J. Fair-Matthews and Kevin Thom on this date

Dated: April 22, 2005                               s/ Lisa C. Bartlett
                                                    Courtroom Deputy