UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KHALIL SHABAZZ,

      Plaintiff,                      CIVIL ACTION NO. 00-CV-73005-DT

vs.

                                      DISTRICT JUDGE DENISE PAGE HOOD

BILL MARTIN, et al.,              MAGISTRATE JUDGE MONA K. MAJZOUB

      Defendants.
_____/

## ORDER STRIKING DEFENDANTS' MOTION FOR SANCTIONS (DOCKET #198) AND DENYING PLAINTIFF'S REQUEST FOR COSTS SET FORTH IN PLAINTIFF'S MOTION TO COMPEL DISCOVERY (DOCKET # 194)

      This is a prisoner civil rights case brought under 42 U.S.C. § 1983. On January 27, 2005, Plaintiff filed a Motion to Compel Discovery in which Plaintiff sought costs for having to bring the motion. On March 7, 2005 Defendants filed an Answer to Plaintiff's Motion to Compel and Motion for Sanctions Against Plaintiff's Counsel, Mary Matthews. The parties presented oral arguments on Plaintiff's Motion to Compel which motion the Court granted by Order dated March 11, 2005. On March 22, 2005, Plaintiff' counsel filed an Answer to Defendants' Motion for Sanctions which is now before the Court.

      Essentially, both parties complain of their opposing counsels' behavior and unprofessional discovery tactics. Indeed, the parties have presented numerous discovery issues during which both counsels' behavior has been questionable: summarily cancelling depositions without notice, refusing to provide responses as directed by the Court in previous orders, yanking documents from the hands of counsel during depositions, and even impertinent personal attacks on opposing counsel disguised as pleadings. For example, in his Motion for Sanctions, defense counsel suggests that "this Court [should not] allow or reward Plaintiff's counsel's attempts to take advantage of party's [sic] in litigation whose

counsel has been activated for military duty, while she sits smugly at home enjoying the freedoms guaranteed by those who have the intestinal fortitude to serve in the military, when she herself does not." (Df. Motions for Sanctions, pg. 8 n. 5). Aside from the fact that the Court has little interest in the intestinal fortitude of any litigant or counsel, such impertinent remarks serve no purpose other than to harass and annoy.

Most significantly, Defendants have called into question the impartiality of the Court. Defense counsel alleges that "Plaintiff's counsel simply wants what the rules do not require and when she does not get it she thinks she can file a motion and expects the Judge, who was her former employer to grant her wishes." (Df. Motion for Sanctions, pg. 8 n.4). Defense counsel further states that "Apparently, however, Plaintiff's counsel believes she can violate FRCP 29 with impunity and that it does not apply to her: possibly, because she is a former law clerk." (Df. Motion for Sanctions, pg. 10 n. 7). Remarks of judicial bias should only be made in good faith and will not be considered by this Court unless raised in an appropriate motion.

Based on the foregoing, Defendants' Motion for Sanctions is hereby **DENIED**. The Court concludes that both parties' behavior during the discovery phase of this litigation has been inappropriately contentious and unprofessional. The Court again urges both parties to review the principles of civility that govern attorney behavior both inside and out of the courtroom. Plaintiff's Request for Costs, as set forth in the Motion to Compel Discovery, is also **DENIED.**

**IT IS SO ORDERED.**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this

Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

DATED: October 12, 2005                s/ Mona K. Majzoub
                                       MONA K. MAJZOUB
                                       UNITED STATES MAGISTRATE JUDGE

**Proof of Service**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: October 12, 2005                s/ Lisa C. Bartlett
                                       Courtroom Deputy