# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

KHALIL SHABAZZ (#182621),

    Plaintiff,                                    Case No. 00-73005
                                                          Honorable Denise Page Hood

v.

BILL MARTIN, et al.,

    Defendants.

_____/

## ORDER

**I.    INTRODUCTION**

These matters are before the Court on Plaintiff's Motion for New Trial, filed on February 9, 2007, Motion to Appoint Counsel, filed on February 23, 2007, Motion for Declaratory Judgment and Motion to Stay Judgment, both filed on February 28, 2007. Defendants have filed no Responses.

On January 26, 2007, the jury rendered its verdict in this matter of no cause of action in favor of Defendants Charles Zamaira and Dave Burnett.

**II.    LAW & ANALYSIS**

    **A.    Motion for New Trial**

    **A.  Standard**

Fed. R. Civ. P. 59 provides:

(a)    **Grounds**. A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States . . .

Specific grounds for a new trial have included: that the verdict is against the weight of the evidence; that the damages are excessive; that for other reasons the trial was not fair; that there were substantial errors in the admission or rejection of evidence; that the giving or refusal of instructions were in error; and misconduct of counsel. *Clark v. Esser*, 907 F. Supp. 1069, 1073 (E.D. Mich. 1995); *City of Cleveland v. Peter Kiewit Sons' Co.*, 624 F. 2d 789, 790 (6th Cir. 1980). The grant or denial of a new trial is purely within the discretion of the trial court and will not be reversed except upon a showing of abuse of discretion. *Logan v. Dayton Hudson Corp.*, 865 F. 2d 789, 790 (6th Cir. 1989). The trial court has broad discretion in deciding a motion for new trial to prevent a miscarriage of justice. *Clark*, 907 F. Supp. at 1073; *City of Cleveland*, 624 F. 2d at 756; *Fryman v. Federal Crop Ins. Corp.*, 936 F. 2d 244, 248 (6th Cir. 1991).

Plaintiff raises five reasons as to why he is entitled to a new trial. Plaintiff asserts that defense counsel made prejudicial comments during trial and closing argument, his trial counsel made several errors, the trial court erred in prohibiting the admission of certain hearsay testimony, and in instructing the jury, and that the verdict was against the great weight of the evidence. The Court will address each claim below.

### B. Attorney Misconduct

#### 1. Standard

Misconduct by an attorney that results in prejudice may serve as a basis for new trial. *In re Air Crash Disaster*, 86 F. 3d 498, 524 (6th Cir. 1996) (citing *City of Cleveland*, 624 F. 2d at 756). Where such prejudice is cured by instructions of the court, the motion for new trial should be denied. *Clarksville-Montgomery County School Sys. v. United States Gypsum Co.*, 925 F. 2d 993, 1002 (6th Cir. 1991). Failure to object raises the degree of prejudice that must be

demonstrated. *Strickland v. Owens Corning*, 142 F. 3d 353, 358 (6th Cir. 1998). The "court must examine, on a case-by-case basis, the totality of the circumstances, including the nature of the comments, their frequency, their possible relevancy to the real issues before the jury, the manner in which the parties and the court treated the comments, the strength of the case (e.g. whether it is a close case), and the verdict itself." *City of Cleveland*, 624 F. 2d at 756. "[C]ounsel should not introduce extraneous matters before a jury, by questions or remarks, endeavor to bring before it unrelated subjects, and where there is a reasonable probability that the verdict of a jury has been influenced by such conduct, it should be set aside." *Id.* (quoting *Twachtman v. Connelly*, 106 F. 2d 501, 509 (6th Cir. 1939)). District courts are afforded broad discretion in deciding whether to grant a motion for new trial. *Id.* The burden of showing harmful prejudice rests on the party seeking a new trial and it is a heavy burden. *Id.*; *In re Air Crash Disaster*, 86 F. 3d at 526.

    **2.    Defense Counsel's Statements**

Plaintiff asserts that defense counsel continuously referred to Plaintiff and other leaders of the Nation of Islam as "clerics" and "imams" while questioning Defendant Burnett. Plaintiff argues that these references were made in attempt by Defendant to give the jury a false impression that Plaintiff's religion was affiliated with the Sunni or Shiite doctrines in the Middle East. Plaintiff did not object to these references during the questioning of Defendant Burnett. The Court does not deem defense counsel's reference to Plaintiff or other leaders of the Nation of Islam in this manner to be misconduct that so prejudiced the jury that a new trial is warranted on these grounds. A review of the definition of "imam" in Merriam-Webster's dictionary reveals that imam refers to not only "a Muslim leader of the line of Ali held by Shiites to be the divinely

appointed, sinless, infallible successors of Mohammad" but also means "the prayer leader of a mosque." Similarly, "cleric" is defined as "a member of the clergy."

Plaintiff also argues that defense counsel made improper comments during his closing argument when he stated that "the Plaintiff flat out lied about being discriminated against by the Defendants in order to get money and to come down to court." This statement appears to go beyond the evidence proven during trial, and may have gone beyond what is required under the Eastern District of Michigan's Code of Civil Conduct, the Court finds that defense counsel was engaged in overzealous representation of his clients. However, "not every departure from proper courtroom decorum commands reversal and a new trial." *United States v. Cooper*, 577 F. 2d 1079, 1086 (6th Cir. 1978). The Court instructed the jury that the statements and arguments of the lawyers should not be considered as evidence in the case. For the reasons set forth above, the statements made by defense counsel do not warrant a new trial in this case.

### C. Plaintiff's Trial Counsel

Plaintiff asserts numerous errors committed by his trial counsel. To the extent that Plaintiff is asserting a claim for ineffective assistance of counsel, this claim is without merit. Plaintiff's trial was a civil action brought pursuant to 42 U.S.C. § 1983. A claim for ineffective assistance of counsel under the Sixth Amendment to the U.S. Constitution is relevant to criminal actions and not civil actions. To the extent that Plaintiff raises a state law claim against his counsel, such a claim is not the basis for a new trial under Rule 59.

### D. Evidentiary Issue

### 1. Standard

Evidentiary rulings are left to the sound discretion of the trial judge and are reviewed by an appellate court using an abuse of discretion standard. *In re Air Crash Disaster*, 86 F. 3d at 526. Even if there is an abuse of discretion, an evidentiary ruling will not be reversed absent a showing of actual prejudice. *Id.* There is no prejudice from the wrongful exclusion of evidence if other substantially equivalent evidence of the same facts was admitted into evidence nor is there prejudice if the absence of the evidence had no effect on the final result of the trial. *Id.*

### 2. Hearsay Statement

Plaintiff claims that he was prejudiced when the Court made its evidentiary ruling denying the introduction of an alleged statement made by MDOC official Michael Krajnik who, according to Plaintiff, told him that Defendant Zamaira informed him (Krajnik) that he (Zamaira) denied Plaintiff's transfer to a lower security level because Plaintiff was a Muslim leader. Plaintiff asserts that this hearsay statement should have been admitted under the state of mind exception to the hearsay rule. Plaintiff asserts that Defendant's Zamaira's statement falls within the state of mind exception to the hearsay rule. Federal Rule of Evidence 803(3) provides for the admissibility of a statement otherwise excludable under Rule 801 if it is, "[a] statement of the declarant's then existing state of mind . . . (such as intent, plan, motive, design, mental feeling, pain, and bodily health). Fed. R. Evid. 803(3). This Court was correct to exclude this hearsay statement from introduction into evidence. Plaintiff has not demonstrated that there was actual prejudice from the exclusion of this statement nor that its exclusion had a prejudicial effect upon the outcome of the trial.

### E. Verdict Against the Great Weight of the Evidence

Plaintiff also claims that the verdict was against the great weight of the evidence. The issues before the jury included whether Defendants Burnett and Zamaira discriminated against Plaintiff because he was a member of the Nation of Islam in violation of the Equal Protection Clause of the Fourteenth Amendment and whether Defendant Burnett violated the Free Exercise Clause of the First Amendment by denying Plaintiff's use of prayer rugs and pendants, and whether this denial created a burden upon Plaintiff's exercise of his religion.

As to Plaintiff's Equal Protection claim against Defendant Zamaira, Defendant Zamaira testified that he was not the final decision maker in regard to Plaintiff's security classification level. While Plaintiff argues in his present motion that this is untrue, the jury was entitled to believe Defendant Zamaira's testimony that it was Deputy Director Dan Bolden who had the final decision making authority to change Plaintiff's security classification level. As to Defendant Burnett, the jury was likewise entitled to believe that Defendant Burnett, in initially determining that prayer rugs and pendants were not essential to the practice of Plaintiff's religion, did not make that decision in order to intentionally discriminate against Plaintiff based upon his membership in the Nation of Islam. Lastly, in regard to Plaintiff's First Amendment claim, there was sufficient evidence introduced at trial for the jury to determine that Plaintiff's rights were not violated because his inability to utilize such items did not create a burden upon Plaintiff's practice of his religion. Plaintiff is not entitled to a new trial because the verdict was not against the great weight of the evidence.

**F.     Jury Instructions**

**1.    Standard**

Federal procedural law governs questions regarding the propriety of jury instructions

while state law determines the substance of jury instructions in a diversity action. *King v. Ford Motor Co.*, 209 F. 3d 886, 897 (6th Cir. 2000). Trial courts have broad discretion in framing jury instructions and such discretion is reviewed based on the "jury instructions as a whole in order to determine whether the instructions adequately inform the jury of relevant considerations and provide a basis in law for aiding the jury to reach its decision. *Id.* (internal quotations and alterations omitted). A "district court's refusal to give a jury instruction constitutes reversible error if: 1) the omitted instructions are a correct statement of the law; 2) the instruction is not substantially covered by other delivered charges; 3) the failure to give the instruction impairs the requesting party's theory of the case." *Webster v. Edward D. Jones 7 Co., L.P.*, 197 F. 3d 815, 820 (6th Cir. 1999) (internal quotations omitted). "A judgment may be reversed if the instructions, viewed as a whole, were confusing, misleading or prejudicial." *Beard v. Norwegian Caribbean Lines*, 900 F. 2d 71, 72-73 (6th Cir. 1990).

    **2.    Witnesses**

Plaintiff argues that this Court erred by eliminating the "missing witness instruction" after allowing Defendant Zamaira to testify that Deputy Director Dan Bolden was the final decision maker in regard to Plaintiff's security classification level. Plaintiff makes much of the fact that Defendants never listed Mr. Bolden as a witness or sought to call him at trial. However, this is not Defendants' responsibility, Plaintiff had the burden of proof and persuasion in this matter, and Plaintiff could have subpoenaed Mr. Bolden to testify as a witness if he determined that Mr. Bolden was necessary to establish the elements of his claims. The Court instructed the jury on witnesses and that the number each side provided had no bearing on the credibility of each party's theory of the case. Lastly, the jury was instructed that it could determine the

credibility of the testifying witnesses, and it was purely within the jury's province to deem Defendant Zamaira's testimony as truthful in regard to his assertions that he was not the final decision maker.

### 3. Compensatory Damages

Plaintiff argues that the Court was incorrect in instructing the jury that Plaintiff was not entitled to compensatory damages because there was no evidence of physical injury. The jury was not so instructed, but was instructed that Plaintiff was entitled to nominal and punitive damages. Further, the Court was correct in its interpretation of the law that pursuant to § 1997e(e) Plaintiff must have usually suffered a physical injury to recover compensatory damages. *Siggers-El v. Barlow*, 433 F. Supp. 2d 811(E.D. Mich. 2003). As such, based upon the above, Plaintiff is not entitled to a new trial because he was not prejudiced as the jury instructions, taken as a whole, were not confusing, misleading or in any way prejudicial.

## III. CONCLUSION

Accordingly,

IT IS ORDERED that Plaintiff's Motion for New Trial [**Docket No. 269, filed February 8, 2007**] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Appoint Counsel to Effectuate Appeal [**Docket No 260, filed on February 23, 2007**] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Declaratory Judgment [**Docket No. 264, filed Feburary 28, 2007**] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Stay Judgment Until the Court

Decides the Plaintiffs' Motions for New Trial and Declaratory Judgment [**Docket No. 265, filed February 28, 2007**] is MOOT.[1]

Dated: September 24, 2007                    s/ DENISE PAGE HOOD
                                             DENISE PAGE HOOD
                                             United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record and Khalil Shabazz, Reg. No. 182621, Standish Maximum Correctional Facility, 4713 W. M-61, Standish, MI 48658 on September 24, 2007, by electronic and/or ordinary mail.

                                             S/William F. Lewis
                                             Case Manager

---

[1] The Sixth Circuit Court of Appeals dismissed Plaintiff's Appeal on June 18, 2007.